UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PAUL T. SANFORD,

        Plaintiff,                        Civil Case No.
                                        12-CV-11132
vs.

                                        HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**ORDER**
**(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED JUNE 14, 2013, (2)
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (3)
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, and (4)
REMANDING THE CASE PURSUANT TO 42 U.S.C. § 405(g), SENTENCE FOUR**

      This matter is presently before the Court on the Report and Recommendation (R&R) of

Magistrate Judge R. Steven Whalen, issued on June 14, 2013.  In the R&R, the Magistrate Judge

recommends that Plaintiff's motion for summary judgment be granted in part, that Defendant's

motion for summary judgment be denied, and that the case be remanded pursuant to sentence

four of 42 U.S.C. § 405(g).

      The parties have not filed objections to the R&R, and the time to do so has expired.  See

Fed. R. Civ. P. 72(b)(2).  The failure to file a timely objection to an R&R constitutes a waiver of

the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not

appear that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a de novo or any other standard, when neither party objects to those

findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-4  (6th Cir. 1987) (failure

to file objection to R&R "waived subsequent review of the matter"); <u>Cephas v. Nash</u>, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); <u>Lardie v. Birkett</u>, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error. <u>See</u> Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and adopts the recommendation.

Accordingly, for the reasons stated by the Magistrate Judge in the R&R, Plaintiff's motion for summary judgment (Dkt. 10) is granted in part, Defendant's motion for summary judgment (Dkt. 14) is denied, and the case is remanded pursuant to sentence four of 42 U.S.C. § 405(g).

SO ORDERED.

Dated:  July 2, 2013                                        s/Mark A. Goldsmith
    Flint, Michigan                                 MARK A. GOLDSMITH
                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 2, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager